MILSTEIN ADELMAN, LLP
Gillian L. Wade, State Bar No. 229124
Gwade@milsteinadelman.com
Sara D. Avila, State Bar No. 263213
Savila@milsteinadelman.com
2800 Donald Douglas Loop North
Santa Monica, California 90405
Tel.: (310) 396-9600
Fax: (310) 396-9635

Additional Counsel on Signature Page
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA BARBA and JONATHAN REISMAN,<br><br>    Plaintiffs,<br>vs.<br><br>IMPAX LABORATORIES, INC.,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT TO OPEN MISCELLANEOUS ACTION TO ENFORCE SUBPOENA** |

**COMPLAINT TO OPEN MISCELLANEOUS ACTION TO ENFORCE SUBPOENA**

Plaintiffs Monica Barba and Jonathan Reisman ("Plaintiff"), for their Complaint to Open Miscellaneous Action to Enforce Subpoena Against Defendant, Impax Laboratories, Inc. ("Impax" or "Defendant"), state as follows:

### THE PARTIES

1. Plaintiffs have brought the action *Monica Barba and Jonathan Reisman v. Shire U.S., Inc., et al.* in the United States District Court, Southern District of Florida, Case No. 1:13-21158-Civ-LENARD/GOODMAN (hereinafter the "ACTION").

2. Defendant is a pharmaceutical company incorporated in Delaware and has its principal place of business at 30831 Huntwood Avenue, Hayward, California 94544.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action because federal courts have jurisdiction over the enforcement of subpoenas arising from lawsuits pending in United States district courts. Venue is also proper because Defendant is a resident of this judicial district.

### STATEMENT OF FACTS

4. Plaintiffs have filed a class action lawsuit against Shire U.S., Inc. and Shire, LLC (collectively "Shire"), which is now pending in the U.S. District Court for the Southern District of Florida under the Case No. 1:13-21158-Civ-LENARD/GOODMAN (the "Florida Lawsuit"). The Florida Lawsuit arises from Shire's alleged scheme to limit the supply of generic Adderall XR ("AXR"). Plaintiffs allege that this scheme constitutes various antitrust violations under Florida's Deceptive and Unfair Trade Practices Act, section 501.201, et seq. ("FDUTPA"). A true and accurate copy of the operative complaint for this ACTION is attached as Exhibit A to this Complaint.

5. Plaintiffs' claims in the Florida Lawsuit are based in part on Shire's patent litigation against Impax, which resulted in a "reverse payment" settlement agreement, by which Impax agreed to keep generic versions of AXR off the market in exchange for compensation from Shire ("the Shire agreement"). Plaintiffs allege that this agreement constitutes an illegal restraint of trade in violation of FDUTPA.

6. On November 12, 2014, Plaintiffs issued a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") in the United States District Court for the Southern District of Florida to Impax, demanding that it produce or allow Plaintiffs to inspect various categories of documents required for the Florida Lawsuit by December 12, 2014. The Subpoena contained twenty-nine (29) requests for production. A true and accurate copy of the Subpoena is attached as Exhibit B to this Complaint.

7. On November 12, 2014, Plaintiffs served the Subpoena on Defendant. A true and accurate copy of the Proof of Service is attached as Exhibit C to this Complaint.

8. On November 19, 2014, Impax requested an extension of the Subpoena deadline. The parties agreed to extend the deadline to December 17, 2014.

9. On December 16, 2014, the parties agreed again to extend the deadline to December 26, 2014. Plaintiffs also agreed to prioritize the documents requested for Impax's convenience.

10. On December 24, 2014, Impax served Plaintiffs with objections and responses to the Subpoena. Impax did not produce any documents with its objections and responses.

11. On January 5, 2015, Plaintiffs' counsel contacted counsel for Impax to inquire as to whether Impax would at least produce certain high priority items identified in the Subpoena. On January 20, 2015, counsel for Impax stated that the Subpoena is overly broad and seeks documents that are irrelevant to the case. Counsel for Impax requested clarification on the relevance of certain requests set forth in the Subpoena.

12. On January 26, 2015, Plaintiffs' counsel asked counsel for Impax whether Impax would produce all documents pertaining to the Federal Trade Commission's ("FTC") investigation of the Shire agreement. Plaintiffs' counsel also responded to issues raised by counsel for Impax regarding the relevance of certain requests set forth in the Subpoena.

13. On January 28, 2015, counsel for Impax stated that Impax would consider producing documents pertaining to the FTC's investigation of the Shire agreement on the condition that Plaintiffs consider the Subpoena satisfied. Plaintiffs said that they would be agreeable along those lines.

14. On February 4, 2015, counsel for Impax informed Plaintiffs that Impax did not have documents pertaining to the FTC investigation of the Shire agreement. In response, Plaintiffs warned that they would file the instant motion, but would also entertain further negotiations prior to the court's disposition.

15. On March 18, 2015, Impax apparently reversed its position that it no longer had responsive documents and informed Plaintiffs that it would produce the following documents if Plaintiffs would deem the Subpoena fully satisfied:

- Approximately 2,400 documents produced to the FTC in 2006 or 2007 in connection with Impax's settlement with Shire
- Materials distributed to the Impax Board of Directors regarding the 2006 settlement with Shire
- Materials distributed to the Impax Board of Directors regarding the Carbatrol co-promote agreement
- Profit and Loss statements for the Impax AXR AG product from 10/1/09 to present
- Profit and loss statements for the Carbatrol co-promote project
- Impax's AXR ANDA
- All formal correspondence with the FDA re Impax's AXR ANDA

16. On March 23, 2015, Plaintiffs informed Impax that Plaintiffs would be willing to deem Impax's compliance with Plaintiffs' subpoena as fully satisfied if Impax provides the documents set forth in Impax's March 18, 2015 correspondence, in addition to the following:

- The privilege log provided to the FTC
- A separate privilege log created for this subpoena
- The FTC's CIDs
- Unredacted versions of the documents (except privileged documents)
- The agreement between Ventive, Impax and Shire
- Carbatrol P&L
- Records of payments made from Impax to Ventive.

17. On March 26, 2015 Impax informed Plaintiffs that Impax would produce the privilege log and the FTC's CIDs, if those documents are in Impax's possession, custody or control. Impax would not agree to unredact documents produced to the FTC. Impax also agreed to produce the profit and loss statements for Carbatrol and to provide a separate privilege log for production to Plaintiffs, if necessary.

18. Impax has not yet produced any documents responsive to Plaintiffs' subpoena. Throughout its communications with Plaintiffs, Impax has obstructed Plaintiffs' discovery rights in the Florida Lawsuit through unreasonable delays, misinformation as to what documents it actually possesses, and its ultimate refusal to produce any information responsive whatsoever to the Subpoena. The information requested is material to Plaintiffs' claims in the Florida Lawsuit and Impax's conduct amounts to a substantial obstruction of the discovery process therein.

## PLAINTIFFS REQUEST THAT THE COURT ENFORCE THE SUBPOENA

19. To date, Impax has not complied with the Subpoena.

20. Impax did not file a motion to quash the Subpoena and does not have a valid excuse under the provisions of Fed. R. Civ. P. 45 for failing to obey the Subpoena.

21. Accordingly, and for reasons set forth in more detail in Plaintiffs' Motion to Compel filed concurrently with this Miscellaneous Complaint, Plaintiffs respectfully request that the court (1) compel Impax to produce unredacted copies of all documents that are responsive to the Subpoena within two (2) business days and (2) order Impax to pay all reasonable attorneys' fees and costs that Plaintiffs incurred as a result of Impax's failure to comply with the Subpoena, and (3) issue any other sanction that the Court deems appropriate.

DATED this 30th day of March, 2015.

MILSTEIN ADELMAN, LLP

By: _____

Gillian L. Wade, Esq. (*Pro Hac Vice*)
Gwade@milsteinadelman.com
Sara D. Avila, Esq. (*Pro Hac Vice*)
Savila@milsteinadelman.com
2800 Donald Douglas Loop North
Santa Monica, California 90405

4

**COMPLAINT TO OPEN MISCELLANEOUS ACTION TO ENFORCE SUBPOENA**

Tel.: (310) 396-9600
Fax: (310) 396-9635

**KU & MUSSMAN, PA**
Brian Ku, Esq. (Fla. # 610461)
brian@kumussman.com
Louis Mussman, Esq. (Fla # 597155)
Louis@kumussman.com
M. Ryan Casey, Esq. (*Pro Hac Vice*)
ryan@kumussman.com
12550 Biscayne Blvd., Suite # 406
Miami, Florida 33181
Tel: (305) 891-1322
Fax: (305) 891-4512

**KANNER & WHITELEY, LLC**
Conlee S. Whiteley, Esq. (*Pro Hac Vice*)
C.Whiteley@kanner-law.com
John R. Davis, Esq. (*Pro Hac Vice*)
J.Davis@kanner-law.com
701 Camp Street
New Orleans, LA 70130
Tel: (504) 524-5777
Fax: (504) 524-5763

*And*

**GOLOMB & HONIK, P.C.**
Richard M. Golomb, Esq. (*Pro Hac Vice*)
Rgolomb@golombhonik.com
Ruben Honik, Esq. (*Pro Hac Vice*)
Rhonik@golombhonik.com
Kenneth J. Grunfeld, Esq. (*Pro Hac Vice*)
Kgrunfeld@golombhonik.com
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Tel.: (215) 985-9177
Fax: (215) 985-4169

*Attorneys for Plaintiffs*

5

**COMPLAINT TO OPEN MISCELLANEOUS ACTION TO ENFORCE SUBPOENA**